Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 POPULAR NAME PROVIDE FOR A SET AD VALOREM ASSESSMENT BASED ON THE PURCHASE PRICE OF REAL PROPERTY UPON TRANSFER OF REAL PROPERTY TITLE, OR REASSESSMENT ON THE ACTUAL COST OF CONTRACTED WORK, OR MATERIALS ON REAL PROPERTY REQUIRING AN ISSUED PERMIT, AND SET AN AD VALOREM TAX RATE UPON TRANSFER OF TITLE OF REAL PROPERTY BY INDIVIDUALS, OR PARTNERSHIPS TO EXCLUDE BUSINESS PROPERTY
 BALLOT TITLE AMENDMENT TO PROVIDE FOR A SET AD VALOREM ASSESSMENT ON REAL PROPERTY BASED UPON THE ACTUAL PURCHASE PRICE OF REAL PROPERTY BY AN INDIVIDUAL, OR PARTNERSHIP UPON TRANSFER OF REAL PROPERTY TITLE; UNTIL, THE REAL PROPERTY TITLE IS AGAIN TRANSFERRED; TO PROVIDE FOR A SET AD VALOREM TAX RATE ON REAL PROPERTY UPON TRANSFER OF REAL PROPERTY TITLE TO AN INDIVIDUAL, OR A PARTNERSHIP; UNTIL, THE REAL PROPERTY TITLE IS AGAIN TRANSFERRED; TO PROVIDE FOR AN AD VALOREM REASSESSMENT OF REAL PROPERTY BASED UPON THE ACTUAL COST OF CONTRACTED WORK, OR COST OF MATERIAL ON REAL PROPERTY REQUIRING AN ISSUED PERMIT FOR AN INDIVIDUAL OR PARTNERSHIP; TO PROVIDE FOR THE SET AD VALOREM TAX RATE TO BE ADDITIONALLY APPLIED TO THE ACTUAL COST OF CONTRACTED WORK, OR MATERIALS REQUIRING AN ISSUED PERMIT FOR AN INDIVIDUAL OR PARTNERSHIP; TO PROVIDE FOR THE REASSESSMENT OF REAL PROPERTY BY THE ASSESSOR UPON TRANSFER OF TITLE TO AN HEIR, SUSPICIOUS TITLE TRANSFERS, AND OR IF ANY PART OF A REAL PROPERTY IS TRANSFERED [SIC] IN TITLE BY A PARTNER; TO PROVIDE FOR THE INCLUSION OF REAL PROPERTY USED FOR THE PURPOSE OF AGRICULTURE BY AN INDIVIDUAL, OR PARTNERSHIP; TO PROVIDE FOR THE EXCLUSION OF REAL PROPERTY USED AS A BUSINESS, OR CORPORATION TO INCLUDE REAL PROPERTY USED FOR THE PURPOSE OF AGRICULTURE BY A BUSINESS, OR CRPORATION [SIC] FROM A SET AD VALOREM ASSESSMENT, AND SET AD VALOREM TAX RATE UPON TRANSFER OF TITLE; TO PROVIDE THE STATE, COUNTY, AND MUNICIPALITIES TO MAKE LAWS, AND ORDINANCES NOT HEREIN INCLUDED, AND SHALL RESERVE THAT RIGHT OF JURISDICTION RESPECTIVELY TO THOSE GOVERNING AUTHORITIES; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to certain unresolved ambiguities in the text of your proposed measure. There are a number of additions or clarifications to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title, however, without the resolution of these ambiguities. I am therefore unable at this time to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The ambiguities to which I refer occur throughout the proposed amendment. They are pervasive and take the form of syntax, usage, and punctuation problems, as well as internal inconsistencies in the provisions of the proposed amendment. These problems make it impossible to determine the intended meaning and effect of the proposed amendment. I will give examples of some specific areas of concern; however, it must be understood that my discussion of these areas of concern is not exhaustive. Among the problems in the text of your proposed amendment are the following:
(1) In Section 1, your use of the term "set" is unclear.
 (2) It is unclear whether the provisions of Section 1 intend to "set" the present assessed value of all real property, including real property owned by a business, or whether business-owned real property is excluded from the provisions of Section 1 pursuant to the provisions of Section 4.
 (3) The reference in Section 2(b) to the "current" rate is ambiguous and make it impossible to determine what tax rate is to be applied upon a transfer of property.
 (4) The proposed amendment repeatedly includes property that is titled in the name of an individual or partnership in the applicability of the amendment, but excludes property that is titled in the name of a business from the applicability of the amendment. It is unclear what exactly is meant by the term "business." It is also unclear how the term "partnership" is to be interpreted, and the effect of the proposed amendment in instances where a "partnership" is a business. For example, how is Section 5(b) intended to operate in such circumstances?
 (5) The proposed amendment fails to address the manner in which property should be treated for taxation purposes if it is titled in the name of other non-individual organizational entities that do not operate as businesses. This gap is of particular concern in light of the repealer clause of the proposed amendment, which purports to repeal all constitutional provisions in conflict with the proposed amendment. The constitutional and statutory provisions which would be repealed might be the only means of governing property not covered by the proposed amendment. Of particular concern is the fact that the repealer clause renders uncertain the continuing status of Article 16, § 5 of the Arkansas Constitution. If Article 16, § 5 has not been repealed, then the limitations of its applicability should be specified in the proposed amendment, given the thorough inconsistency of the "market value" and uniformity requirements Article 16, § 5 [see Pub. Svc. Comm'n v. Pul. Co. Equalization Bd., 266 Ark. 64, 582 S.W.2d 942
(1979)] with the proposed amendment.
The foregoing list is not intended to be exhaustive. As noted above, syntax, usage, and punctuation problems, as well as internal inconsistencies, occur throughout your amendment. Consultation with legal counsel of your choice, or a person skilled in the drafting of legislation is recommended.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General